UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Dang Chang,<br><br>     Plaintiff,<br><br>v.<br><br>Nancy A. Berryhill, Acting Commissioner of Social Security,<br><br>     Defendant. | Case No. 15-cv-4496 (ADM/HB)<br><br>**REPORT AND RECOMMENDATION** |

David F. Chermol, Chermol & Fishman LLC, 11450 Bustleton Avenue, Philadelphia, PA 19116 and Edward C. Olson, Attorney at Law, 331 Second Avenue South, Suite 420, Minneapolis, MN 55401, for Plaintiff Dang Chang

Pamela Marentette, United States Attorney's Office, 300 Fourth Street South, Suite 600, Minneapolis, MN 55415, for Defendant Nancy A. Berryhill

HILDY BOWBEER, United States Magistrate Judge

  Pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), Plaintiff Dang Chang seeks an award of attorneys' fees in the amount of $ 9,776.00 and costs in the amount of $ 400.00.  The case was referred to the undersigned pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 7.2 (2015).  For the reasons set forth below, the Court recommends granting the motion.

  Defendant Commissioner of Social Security does not dispute the requested hourly rate of $ 188.00, but argues that the number of requested hours for reimbursement is

unreasonable and asks the Court to reimburse no more than thirty-nine hours, a 25% reduction. Defendant also asks that any award be paid to Chang as the litigant, pursuant to *Astrue v. Ratliff*, 560 U.S. 586 (2010), because any such payment may be used to offset a preexisting debt Chang owes to the United States.

A prevailing party who makes a proper application is entitled to EAJA fees unless "the position of the United States was substantially justified." 28 U.S.C. § 2412(d)(1)(A). "The Secretary bears the burden of proving the denial of benefits was substantially justified." *Welter v. Sullivan*, 941 F.2d 674, 676 (8th Cir. 1991). A prevailing party must have a net worth of less than two million dollars in order to be eligible for EAJA fees. *See* 28 U.S.C. § 2412(d)(2)(B). Further, to obtain attorneys' fees under EAJA, the prevailing party must submit a fee application "within thirty days of final judgment in the action." *Pottsmith v. Barnhart*, 306 F.3d 526, 527 (8th Cir. 2002) (quoting 28 U.S.C. § 2412(d)(1)(B)). The amount of fees awarded should be based upon the prevailing market rates for the kind and quality of services furnished, except that attorneys' fees will not be awarded in excess of $125.00 per hour unless the court finds that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee. *See* 28 U.S.C. § 2412(d)(2)(A). The EAJA allows fee reimbursement to a prevailing party for "reasonable fees and expenses." *See* 28 U.S.C. §2412(b). The party seeking an award of fees has the burden of showing that the fees sought are reasonable. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).

Chang's motion for attorneys' fees under the EAJA seeks $ 9,776.00 and costs in

2

the amount of $ 400.00. This amount is based on fifty-two hours at an hourly rate of $ 188.00. Defendant does not object to the hourly rate. Defendant additionally concedes that Plaintiff was a prevailing party within the meaning of the EAJA. Defendant also does not appear to argue that it was substantially justified in its position. Defendant objects only that the number of hours claimed by Chang's counsel is unreasonable. Specifically, Defendant argues that fifty-two claimed hours are over the "standard 20 to 40 hours typical in a Social Security case." (Def.'s Mem. Opp'n Fees at 3 [Doc. No. 25].) Defendant also argues that the two issues involved in this case were "garden-variety challenges about the medical-opinion evidence and residual functional capacity." (*Id.*)

Defendant provides no citation for its argument that these issues are easily briefed because of their ubiquity. Defendant also provides no citation for its argument that the 540-page transcript was "relatively short." Defendant does cite cases from this District, however, that could be read as establishing forty hours as an upper limit for complex cases. *See, e.g.*, *Bergstrom v. Astrue*, No. 10-cv-4911 (SRN/JJG), 2011 WL 4436167, at *2 (D. Minn. Sept. 14, 2011), *R. & R. adopted*, 2011 WL 4436159 (D. Minn. Sept. 23, 2011) ("The number of hours, 38.9, nears the upper limit for even complex cases, but Defendant has not challenged the number as unreasonable and the Court cannot definitively conclude that any time was expended unnecessarily or unreasonably."); *Ubel v. Colvin*, No. 13-cv-875 (JRT/JJG) (D. Minn. Apr. 24, 2014), *R. & R. adopted*, 2014 WL 2009051, at *3 (D. Minn. May 16, 2014) (stating the same, citing *Bergstrom*, and reducing the hours from sixty-one to fifty-three).

As stated above, it is Chang's burden to show that the fees sought are reasonable. Here, Chang's counsel has shown good support for the fifty-two hours expended in this matter. Chang's main brief was thirty-two pages based on a 540-page record. In his reply brief in support of the motion for fees, his counsel stated this brief was double the length of their firm's typical briefs, although he did not provide an affidavit saying the same. Additionally, Chang's counsel did not represent Chang at the administrative level and therefore required more time to become familiar with the case. Finally, Chang's counsel voluntarily reduced his requested hours from 58.9 to 52. Chang's counsel also did not include the time expended in drafting the reply brief. The Court views this favorably, especially considering the meet and confer statement submitted by Chang's counsel, which states it is now the SSA's position on "EAJA matters that the Agency wants plaintiffs to file their EAJA motions first before any conferring occurs" [Doc. No. 25].

Moreover, Chang has provided several cases in which courts granted fees for more than fifty hours of work. *See, e.g.*, *Vaughn v. Heckler*, 860 F.2d 295, 296 (8th Cir. 1988) (seventy-seven hours); *Smith v. Astrue*, 843 F. Supp. 2d 486, 488 (D. Del. 2012) (55.15 hours); *Supplee v. Colvin*, No. CIV.A. 12-1242, 2013 WL 5178971, at *4 (E.D. Pa. Sept. 3, 2013) (fifty-five hours). The Court finds the circumstances of this case to warrant the additional twelve hours over the alleged "upper limit" of forty hours.

Accordingly, based on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Plaintiff Dang Chang's Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act [Doc. No. 23] be **GRANTED**;

2. Chang be awarded $ 9,776.00 in attorneys' fees and $ 400.00 in costs;

3. The $ 400.00 in costs be paid from the Judgment Fund administered by the United States Treasury and not by Defendant;

4. Any EAJA fees and costs be paid to Chang as the litigant, pursuant to *Astrue v. Ratliff*, 560 U.S. 586 (2010);

5. The award shall fully and completely satisfy any and all claims for fees, costs, and expenses that may have been payable to Chang in this matter pursuant to the EAJA.

Dated: May 31, 2017                 *s/ Hildy Bowbeer*
                                               HILDY BOWBEER
                                               United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore, not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.